| |
|---|
| **Delancey Suffolk Assoc. LLC v Alsaidi** |
| 2025 NY Slip Op 32323(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151068/2025 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>**HON. MARY V. ROSADO**</u>                    PART            33M

*Justice*

---------------------------------------------------------------------X

DELANCEY SUFFOLK ASSOCIATES LLC,

                  Plaintiff,

              - v -

ADNAN RASHAD ALSAIDI, AYAD SAYEDI, NOMAN RAJA, HASHID KASSIM

                Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151068/2025 |
| MOTION DATE | 03/12/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44

were read on this motion to/for                       JUDGMENT - DEFAULT        .

Upon the foregoing documents, and after a final submission date of May 9, 2025, Plaintiff Delancey Suffolk Associates LLC's ("Plaintiff") motion for default judgment against Defendants Adnan Rashad Alsaidi ("Alsaidi"), Ayad Sayedi ("Sayedi"), Noman Raja ("Raja") and Hashid Kassim ("Kassim") (collectively "Defendants") is denied without prejudice with leave to renew within sixty days. Kassim's cross-motion seeking leave to file a later Answer is resolved in accordance with the stipulation dated May 6, 2025 (NYSCEF Doc. 44).

Because Kassim has Answered (NYSCEF Doc. 45), Plaintiff's motion for default judgment against him is denied. The motion is denied as to all other Defendants based on various procedural infirmities. The Complaint names Defendant Ayad Sayedi, however the lease through which Plaintiff seeks default judgment is signed by no one with that name. Rather, the lease is signed by Ayad Saeydi. The affidavit of service uploaded is not for Ayad Sayedi, but Ayad Saeydi, who is not a named defendant. Thus, for purposes of default judgment, there is no proof of service or proof of liability as to Mr. Sayedi.

151068/2025 DELANCEY SUFFOLK ASSOCIATES LLC vs. ALSAIDI, ADNAN RASHAD ET AL     Page 1 of 4
Motion No. 001

1 of 4

Assuming, *arguendo*, this Court could overlook this glaring defect, the motion for default judgment against Sayedi is still improper. Service was purportedly made on "Saeydi" via CPLR 308(4). When service is made under this provision, proof of service must be filed with the clerk of the court, and service "shall be complete ten days after such filing." The affidavit of service was not filed until February 11, 2025 (NYSCEF Doc. 17). Therefore, service was complete on February 21, 2025. Pursuant to CPLR 3102(c), Sayedi was provided thirty days from February 21, 2025 to answer. Nonetheless, Plaintiff moved for default judgment on March 12, 2025, prior to the expiration of the thirty-day time frame. Because the motion against Sayedi was made prior to Sayedi being in default, it is denied without prejudice.

The motion is denied against Raja. The affidavit of service states the summons and complaint was served on Raja by delivering it to Noreen Raja, who allegedly lives at Raja's address at 12 Rockaway Avenue, Garden City, New York (*see* NYSCEF Doc. 15). Plaintiff therefore attempted to effectuate service via CPLR 308(2), which requires (a) delivery to a person of suitable age and discretion and (b) mailing the summons to the defendant by first class mail at her last known residence or her actual place of business in an envelope bearing the legend "personal and confidential." The affidavit of service is defective because it does not state that there was a mailing to Raja at her last known residence or her actual place of business. Instead, it states that the summons and complaint was mailed to non-party Waleed Kahn at 320 Cardinal Place, Paramus, New Jersey (NYSCEF Doc. 15 at ¶ 5). Moreover, the motion is premature as the affidavit of service was uploaded on February 11, 2025, meaning service was not complete until February 22, 2025. Raja had 30 days from February 22, 2025 to serve an Answer, but the motion for default judgment was made on March 12, 2025.

**151068/2025  DELANCEY SUFFOLK ASSOCIATES LLC vs. ALSAIDI, ADNAN RASHAD ET AL**
**Motion No. 001**
**Page 2 of 4**

[* 2]
2 of 4

Finally, the motion for default judgment is denied against Defendant Alsaidi. Defendant Alsaidi was purportedly served personally on February 12, 2025 (NYSCEF Doc. 18). However the inquiry into Defendant Alsaidi's military service was made on February 14, 2025, prior to Alsaidi being in default (NYSCEF Doc. 30). The inquiry into a defendant's military status must be made contemporaneous with the entry of default – not prior to default (*Avis Rent a Car System, LLC v* Forbes, 54 Misc.3d 1208[A] at *1 [Civ. Ct., Bx. County, 2017] [Kraus, J.]; *see also Citibank v McGarvey*, 196 Misc.3d 292, 299 [Civ. Ct., Richmond County, 2003]) Therefore, default judgment against Alsaidi is denied, without prejudice and with leave to renew upon the proper supporting papers.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for default judgment is denied against Defendants Alsaidi, Sayedi, and Raja, without prejudice, with leave to renew upon proper supporting papers; and it is further

ORDERED that Plaintiff's motion for default judgment is denied against Defendant Kassim as this defendant has filed his Answer; and it is further

ORDERED that Defendant Kassim's cross motion seeking leave to serve a late answer is resolved in accordance with the parties' stipulation dated May 6, 2025 (NYSCEF Doc. 44); and it is further

ORDERED that Plaintiff and Defendant Kassim shall meet and confer immediately and submit a proposed preliminary conference order to this Court via e-mail at SFC-Part33-

151068/2025   DELANCEY SUFFOLK ASSOCIATES LLC vs. ALSAIDI, ADNAN RASHAD ET AL          Page 3 of 4
Motion No.  001

3 of 4

[* 3]

Clerk@nycourts.gov, but in no event shall the proposed conference order be submitted any later than August 20, 2025;[1] and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on Defendant Kassim via NYSCEF and on Defendants Alsaidi, Sayedi, and Raja via first-class mail at their last known residential addresses.

This constitutes the Decision and Order of the Court.

| 7/1/2025 | | | |
|---|---|---|---|
| **DATE** | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[1] This date is for submission of a proposed order only – it is not to appear for a conference. Parties shall contact the Court to be scheduled for an in-person conference should any discovery disputes requiring Court intervention arise.

151068/2025   DELANCEY SUFFOLK ASSOCIATES LLC vs. ALSAIDI, ADNAN RASHAD ET AL          Page 4 of 4
Motion No.  001

4 of 4

[* 4]